FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGRESERVES, INC., a Utah )
Corporation, d/b/a Deseret Cattle )
& Citrus, ) CASE NO.: 6:11-CV-1446-ORL-31KRS
)
  Plaintiff, )
vs. )
)
GEORGE MASON CITRUS, INC., )
)
  Defendant. )
_____)

### PLAINTIFF'S *EX PARTE* MOTION TO SEAL COURT RECORDS TEMPORARILY

  COMES NOW, Plaintiff, AgReserves, Inc., d/b/a Deseret Cattle & Citrus ("Plaintiff"), by and through its undersigned counsel, and pursuant to Rule 1.09 of the Local Rules of the Middle District of Florida, hereby files this *Ex Parte* Motion to Seal Court Records Temporarily ("Seal Motion"), and in support thereof states as follows:

### BACKGROUND

  1. Plaintiff has also filed, simultaneously with this Seal Motion, a Verified Complaint, a Verified Motion for Prejudgment Writs of Garnishment, and a Motion for a Temporary Restraining Order, all against George Mason Citrus, Inc. ("Defendant").

  2. Plaintiff restates and incorporates herein by reference the allegations contained in its Verified Complaint filed simultaneously herewith as if fully set forth herein.

  3. As stated in more detail in the Verified Complaint and the Verified Motion for Prejudgment Writs of Garnishment, Plaintiff has discovered a number of persons or entities

26628 v1

S-2

who may be either indebted to the Defendant or in possession of trust assets which are rightfully the property of Plaintiff as trust beneficiary.

4. Defendant, who is represented by an attorney, may have access to online filing records and may subscribe to a service that notices him of any action filed in the Middle District of Florida. As a result, Plaintiff is concerned that Defendant may act to avoid the anticipated garnishments should this action be docketed or available for public view before Plaintiff has the opportunity to serve the writs of garnishment upon the proposed garnishees.

5. Therefore, to protect the integrity of the proposed writs of garnishment, Plaintiff respectfully requests that this Court enter a Seal Order sealing the action including the below-listed pleadings (the "Proposed Sealed Documents") for fourteen (14) days, or until the proposed writs of garnishment are served, whichever is earlier, to enable Plaintiff sufficient time to move for, obtain, and serve the proposed writs of garnishment in this case. The Proposed Sealed Documents are as follows:

    (a) The Verified Complaint filed simultaneously with this Seal Motion;

    (b) The Verified Motion for Prejudgment Writs of Garnishment filed simultaneously with this Seal Motion;

    (c) The Motion for Temporary Restraining Order filed simultaneously with this Seal Motion;

    (d) This Seal Motion;

    (e) Any Orders of this Court regarding any of the above Motions;

    (f) Any writs of garnishment issued by this Court pursuant to the Verified Motion for Prejudgment Writs of Garnishment; and

    (g) Any other filings or pleadings in this matter.

## ARGUMENT AND MEMORANDUM OF LAW

6. "Pursuant to Federal Rule of Civil Procedure 69, federal courts are to follow state law with regard to garnishment procedures." *Dinh v. Motorcars Of Distinction, Inc.*, 2009 WL 3096459, *2 (S.D. Fla. Sept. 23, 2009).

7. Section 77.031(3), *Florida Statutes*, expressly provides for the issuance of prejudgment writs of garnishment without notice.

8. If this action and the above documents are not placed temporarily under seal, then it is possible that Plaintiff's right to writs of garnishment without notice could be easily thwarted on account of the numerous automatic systems and subscriptions which could alert Defendant or its counsel of the filing of this action.

9. There is no alternative to a temporary filing under seal, as any notice to Defendant of this action will likely result in the easy avoidance of the relief requested herein and irreparable harm to Plaintiff.

10. "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)(internal citations omitted).

11. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information

concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

12. In this case, allowing immediate access could possibly thwart Plaintiff's right to a prejudgment writ of garnishment without notice, which would impair one function of this Court which is to protect the rights of Plaintiff.

13. Allowing immediate access could also lead to the complete dissipation of Plaintiff's trust *res* and the loss of any effective remedy before this Court is even able to issue a writ of garnishment, thereby removing from the Court the power to effect a statutory remedy granted to Plaintiff.

14. Defendant will have sufficient time to respond to the Verified Complaint and the various Motions, and once the proposed writs are issued and served, or if this Court denies the Motion for Prejudgment Writs of Garnishment as soon as the Motion is denied, then public access can be immediately and permanently restored.

15. There is no information which is requested to be sealed which implicated public officials or public concerns, or would be the type of information requested by the public or the media.

16. There is no less onerous alternative that could be effected and which would still preserve Plaintiff's right to a prejudgment writ of garnishment without notice.

WHEREFORE, Plaintiff requests the Court enter an Order for the following relief:

    a. Directing that the Proposed Sealed Documents, including this Seal Motion, be sealed for a period of fourteen (14) days, or until the proposed writs of garnishment are served, whichever is earlier;

    b.    Directing the Clerk to seal all court copies or records of the Proposed Seal Documents for a period of fourteen (14) days, or until the proposed writs of garnishment are served, whichever is earlier;

    c.    Directing that the Proposed Sealed Documents, including any Orders, not be docketed for a period of fourteen (14) days, or until the proposed writs of garnishment are served, whichever is earlier;

    d.    Providing that Plaintiff not be required to serve this Seal Motion, an Order thereon, or the Proposed Sealed Documents, upon Defendant for a period of fourteen (14) days, or until the proposed writs of garnishment are served, whichever is earlier; and

    e.    Providing for any other relief the Court determines is just and proper.

DATED this 29th day of August, 2011.

BURR & FORMAN, LLP

_/s/ Denise D. Dell-Powell_
Denise D. Dell-Powell, Esq.
Florida Bar No. 0890472
Michael A. Nardella, Esq.
Florida Bar No. 51265
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone (407) 244-0888
Facsimile (407) 244-0889
E-Mail ddpowell@burr.com

**Attorneys for Plaintiff AgReserves, Inc., d/b/a Deseret Cattle & Citrus**