FILED
August 31, 2011 4:00pm
Date                Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGRESERVES, INC., d/b/a DESERET
CATTLE & CITRUS,

    Plaintiff,

-vs-            Case No. 6:11-cv-1446-Orl-31KRS

GEORGE MASON CITRUS, INC.,

    Defendant.

# ORDER

  This matter comes before Court without a hearing on the Complaint, the Ex Parte Motion to File Under Seal, the Ex Parte Motion for Temporary Restraining Order and For Preliminary Injunction, and the Ex Parte Motion for Prejudgment Writ of Garnishment filed by the Plaintiff, AgReserves, Inc. d/b/a Deseret Cattle & Citrus ("AgReserves"). The documents have all been filed under seal and the Defendant, George Mason Citrus, Inc. ("GMC"), has not been served.

## I. Background

  According to the allegations set forth in its verified complaint, AgReserves owns a number of citrus groves. It entered into a series of contracts with GMC under which GMC would pick and purchase the citrus from those groves. AgReserves alleges that GMC picked the citrus between March 24, 2011 and July 10, 2011 and that interim payments were due beginning thirty days after the harvesting began. AgReserves asserts that no payments have been made, despite demands. On August 16, 2011, an attorney sent a series of letters to AgReserves on behalf of GMC. A copy of one of the letters is attached to the Complaint. The letter reads as follows:

> This office represents George Mason Citrus, Inc. As many companies have experienced, George Mason Citrus, Inc. is having financial difficulties and is unable to send out payment at this time. Enclosed for your record is your Grower's Statement evidencing the amount due.
>
> We would ask that you contact this office with any questions rather than George Mason Citrus, Inc.
>
> Thank you for your anticipated cooperation.

The letters were accompanied by statements showing that GMC owes AgReserves approximately $1.4 million.

On August 25, 2011, AgReserves sent a "Notice of Intent to Preserve Trust Benefits" to GMC. On August 30, 2011, AgReserves filed the instant suit, asserting claims for breach of contract (Count I), violations of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a, *et seq.* ("PACA") (Count II), to enforce a statutory trust (Count III), breach of fiduciary duty (Count IV), for injunctive relief (Count V), and for writs of garnishment (Count VI). Simultaneously, AgReserves filed the motions referred to above – to file under seal, for a temporary restraining order and preliminary injunction, and for writs of garnishment.

## II. Legal Standards

### A. The Perishable Agricultural Commodities Act of 1930

PACA regulates the sale of perishable agricultural commodities to protect produce sellers from "unscrupulous or insolvent dealers, brokers, and commission merchants." *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 631 (11th Cir. 2004). The Act provides that in interstate transactions involving agricultural commodities, those commodities or their proceeds "shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums

owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2). This creates a "non-segregated floating trust," which gives produce suppliers priority over banks or other creditors who may have perfected security interests in the inventory and receivables of an insolvent produce dealer. *Country Best* at 632 (citations omitted). Because PACA trusts are intended for the benefit of all unpaid suppliers, all beneficiaries to a trust share the same priority. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir.1990). The unpaid supplier, seller, or agent will lose the benefits of the trust unless written notice of an intent to preserve the benefits of the trust is provided to the commission merchant, dealer or broker within thirty days after payment is due or after a previous payment instrument has been dishonored. 7 U.S.C. § 499e(c)(3).

### B. Temporary Restraining Orders

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. In pertinent part it provides that a court may issue a temporary restraining order without notice to the adverse party or its attorneys only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and ... the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required." Fed.R.Civ.P. 65(b)(1). Every order granting an injunction or restraining order must state the reasons why it issued, state its terms specifically, and describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required. Fed.R.Civ.P. 65(d)(1).

Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without

notice; and be promptly filed in the clerk's office and entered in the record. Fed.R.Civ.P. 65(b)(2). The court may enter a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages of any party found to have been wrongfully enjoined or restrained. Fed.R.Civ.P. 65(c). A temporary restraining order expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. Fed.R.Civ.P. 65(b)(2). If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. Fed.R.Civ.P. 65(b)(3).

### C. Writs of Garnishment

Rule 64(a) of the Federal Rules of Civil Procedure provides that, at the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies. Fed.R.Civ.P. 64(a).

Florida law provides that a plaintiff may obtain a writ of garnishment before judgment has been obtained against the defendant. Fla. Stat. § 77.031(1). To obtain issuance of the writ, the plaintiff must file

> a verified motion or affidavit alleging by specific facts the nature of the cause of
> action; the amount of the debt and that the debt for which the plaintiff sues is just,
> due, and unpaid; that the garnishment is not sued out to injure either the defendant
> or the garnishee; and that the plaintiff believes that the defendant will not have in
> his or her possession, after execution is issued, tangible or intangible property in
> this state and in the county in which the action is pending on which a levy can be
> made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set
> forth a notice to the defendant of the right to an immediate hearing for dissolution of
> such writ pursuant to [Florida Statute §] 77.07. Upon issuance of the writ of

> garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.

Fla. Stat. § 77.031(2). Except in cases where the plaintiff has had an attachment writ issued, to obtain a writ of garnishment the plaintiff must post a bond

> with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment.

Fla. Stat. § 77.031(3).

**III.   Analysis**

Based on the verified complaint and the documents attached to it, the Court makes the following findings:

The Court possesses jurisdiction over the subject matter to this case, and all parties to it. At the time GMC picked the citrus, AgReserves became the beneficiary of a statutory trust under PACA. The letters sent by GMC's attorneys demonstrate that GMC has not paid for the citrus and is suffering financial problems. AgReserves provided the required notice of intent to preserve trust benefits within thirty days of when payment was due. 7 U.S.C. § 499e(c)(3).

However, to obtain a temporary restraining order, AgReserves must "clearly show that immediate and irreparable injury, loss, or damage will result" unless GMC is enjoined without first being given the opportunity to be heard. Congress has recognized that once dissipation of PACA trust assets has occurred, recovery is all but impossible. *Ruby Robinson Co., Inc. v. Nature's Fresh Choice, Inc.*, 201 WL 28659, *3 (S.D.Fla. Jan. 5, 2010) (citing H.R.Rep. No. 543, 98th Cong., 2d Sees. 4(1983)). However, AgReserves has not shown that such dissipation has occurred, or that GMC appears likely to dissipate trust assets prior to a hearing in this matter.

GMC's letter to AgReserves, in which it recognizes its obligation while acknowledging its financial difficulties, does not suggest that GMC has violated or is about to violate PACA. In addition, AgReserves is arguing that the prospect of an imminent injunction might spur GMC into dissipating trust assets. Assuming this to be true, however, then the "Notice of Intent to Preserve Trust Benefits" provided GMC with the same sort of advance warning, nullifying the argument that an injunction must now be imposed in secret. The motion for a temporary restraining order will be denied, and the motion for a preliminary injunction will be set for a hearing within 14 days of service upon GMC.

As for AgReserves' effort to obtain prejudgment writs of replevin, that motion is supported solely by information and belief that (1) GMC sold citrus to particular entities and (2) those entities have made, at most, partial payment to GMC. There are no documents or other evidence supporting the contentions that these entities are holding money due to GMC for AgReserves' citrus. In addition, as noted above, there has been no showing that GMC, which has been put on notice of its obligations under PACA, would do anything improper with any payments it receives from these entities. The motion for prejudgment writs of garnishment will be denied without prejudice.

The resolution of these motions has eliminated the need for the instant proceedings to be kept under seal, and therefore the Court will direct the Clerk to unseal this file.

In consideration of the foregoing, it is hereby

**ORDERED** that the Ex Parte Motion to File Under Seal is **DENIED**, and the Clerk is **DIRECTED** to unseal this file. And it is further

**ORDERED** that the Ex Parte Motion for Temporary Restraining Order and For Preliminary Injunction is **DENIED** insofar as it sought a temporary restraining order; and it is further

**ORDERED** that Plaintiff shall promptly serve the Defendant with a copy of the Complaint and the Ex Parte Motion for Temporary Restraining Order and For Preliminary Injunction, and provide notice of that service to the Court. Upon receipt of that notice, the Court will schedule a hearing on that portion of the motion in which the Plaintiff seeks a preliminary injunction. And it is further

**ORDERED** that the Ex Parte Motion for Prejudgment Writ of Garnishment is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 31, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party